USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1280 LORENZO Q. SCOTT, Plaintiff, Appellant, v. WELLESLEY POLICE DEPARTMENT, ET AL., Defendants, Appellees. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nancy Gertner, U.S. District Judge] Before Selya, Circuit Judge, Campbell, Senior Circuit Judge, and Lynch, Circuit Judge.   Lorenzo Q. Scott on brief pro se. Douglas I. Louison, Stephen C. Pfaff, and Merrick and Louisonon brief for appellees.September 24, 1998     Per Curiam. In connection with a rash of burglaries that plagued Wellesley, Massachusetts and neighboring communities in 1994 and 1995, plaintiff Lorenzo Scott was convicted in state court of breaking and entering in the nighttime and sentenced to a lengthy prison term. In 1996, he filed the instant damages action against four officers of the Wellesley Police Department (and the department itself), advancing vague allegations of Fourth Amendment violations and other improprieties surrounding his arrest and conviction. From a judgment dismissing most of his claims pursuant to Fed. R. Civ. P. 12(c) and the remaining ones pursuant to Rule 56, plaintiff now appeals. We affirm.  Little discussion is required. Plaintiff's contentions, as presented on appeal, reduce to the following three claims: that defendant Price violated the Fourth Amendment in connection with (1) the pre-arrest search of plaintiff's automobile, (2) the post-arrest search of his residence, and (3) the post-arrest search of a pawnshop. The district court disposed of each of these allegations at the summary judgment stage. We agree with the court that, to the extent they are not barred under Heck v. Humphrey, 512 U.S. 477 (1994), plaintiff's claims each fail on the merits.  The challenge to the car search was not properly raised below and so has been waived. In any event, plaintiff has failed to call into question the state court's findings that probable cause and exigent circumstances existed. At a minimum, he has failed to establish that the search was so unreasonable that qualified immunity would not apply.  Moreover, while it is undisputed that Price was present at the time (along with other officers from Wellesley and elsewhere), there is no indication that he participated in the decision to unlock the car or otherwise assisted in the search.  The search warrant for plaintiff's residence was obtained on the basis of an affidavit from a Lexington police officer, to which Price and others had contributed information. The showing of probable cause made therein was easily sufficient to shield defendants from liability. See, e.g., Malley v. Briggs, 475 U.S. 335, 344-45 (1986) ("Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable ... will the shield of immunity be lost."). The charge that Price purposefully contributed false information to the affidavit proves unavailing, since it was not advanced in the complaint and lacks a proper evidentiary foundation in any event. Plaintiff's final claim--that the warrantless search of the pawnshop was unlawful--likewise fails as a matter of proof.  Plaintiff has not adequately called into question Price's averment that the pawnshop owner voluntarily turned over the jewelry in question to the Lexington police officers. Affirmed.